Joshua Bauchner, Esq. (051242013)
**ANSELL GRIMM & AARON**
365 Rifle Camp Road
Woodland Park, New Jersey 07424
(973) 247-9000 (Office)
(973) 247-9199 (Facsimile)
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (TRENTON VICINAGE)

| | |
|---|---|
| JAMES L. MARCHESE, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>JERSEY CITY POWER & LIGHT CO., FIRST ENERGY CORP., and JOHN DOES 1-25,<br><br>Defendants. | Civil Case no.<br><br>**CIVIL ACTION**<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.      James L. Marchese, ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal action of Jersey City Power and Light Company ("JCPL"), and First Energy Corporation ("First Energy") (collectively "Defendants"), and their related entities, subsidiaries, and agents in negligently, knowingly and/or willfully contacting Plaintiffs on Plaintiff's cellular telephones, in violation of the Telephone Consumer Protection Act, 47 *U.S.C.* § 227 *et. seq.* ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted congress to pass the TCPA." *Mims v. Arrow Fin. Servs. LLC.*, 32 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCP Pub. L. No. 102-243, § 11. Towed this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call …" *Id*. at §§ 12-13. *See also Mims*, 132 S.Ct. at 744.

5. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing.  As early as 1995, the FCC states that:  "Calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." *See In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.").

## JURISDICTION AND VENUE

6.      The Court has federal question jurisdiction because this case arises out of violations of federal law.  *See 47 U.S.C.* § 227(b); *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

7.      To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

8.      Unwanted calls cause tangible and intangible harms.

9.      In the recent Supreme Court decision of *Spokeo, Inc. v. Robin*, 136 S. Ct. 1540 (2016), the Court stated that one way to establish than an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court. *Id*. at 7.

10.     For example, invasion of privacy is a tangible harm that is recognized by the common law and is recognized as a common law tort.

11.     When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

12.     As Senator Hollings, the Act's sponsor, stated "[c]omputerized calls are the scourge of modern civilization.  They wake us up in the mornings; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 *Cong. Rec.* 30, 822 (1991).

13.     In a recent decision discussing Plaintiff's Article III standing under a TCPA claim, the Court stated that wasting a consumer's time and causing risk of injury due to interruption and distracting provides Article III standing. "Here, the court is satisfied that Plaintiffs' allegations demonstrate 'concrete injury' as elucidated in *Spokeo*. In *Spokeo*, the 'injury' Plaintiff's incur was arguably merely procedural and thus non-concrete.  In contrast, the TCPA and [state law]

violations alleged here, if proven, required Plaintiffs to waste time answering or otherwise addressing widespread robocalls.  The use of the auto dialer, which allegedly enabled Defendants to make massive amounts of calls at low cost in a short period of time, amplifies the severity of this injury.  As Congress and Washington State's legislature agreed, such an injury is sufficiently concrete to confer standing." *Booth v. Appstack, Inc.*, No. C13-1533-JLR (W.D. Wash. May 25, 2016).

14.     Venue is proper in the United States District Court of the District of New Jersey pursuant to 28 *U.S.C.* § 1391(b)(1) and 28 *U.S.C.* § 1391(b)(2) because the Defendant is located and conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

15.     Plaintiff, James L Marchese is, and at all times mentioned herein was, an individual and citizen of the State of New Jersey.

16.     Jersey Central Power & Light Co is and was at all relevant times a business entity duly formed under the laws of the State of New Jersey whose registered agent, the C T Corporation System, Is located at 820 Bear Tavern Road in West New Trenton, New Jersey. Defendant is and at all relevant times mentioned herein a "person" as defined by 47 *U.S.C.* § 153(39).

17.     First Energy Corp., is and was at all relevant times a business entity duly formed under the laws of Pennsylvania whose registered agent, First Energy Corporation, is located at 1822 Spruce Street in Philadelphia, Pennsylvania. Defendant is and at all relevant times mentioned herein a "person" as defined by 47 *U.S.C.* § 153(39).

## FACTUAL ALLEGATIONS

18.     Sometime prior to October of 2021, Plaintiff was assigned, and became the owner of a cellular telephone number ending in 6624.

19.     On or about November 5, 2021, Plaintiff received a call from 732-990-1115.

20.     Upon information and belief, this telephone number belongs to the Defendants.

21.     The Defendant initiated the call with a pre-recorded message which states:

    "Hello, this is an apology from your utility company. It has come to our knowledge that you have been paying more than your consumption from previous few months.  You will be reimbursed by fifty dollar as well as thirty-five (35) percent discount on your electric and gas bills.  Please press one to get your reversement."

22.     The message lasted about twenty (20) seconds.

23.     Defendants used an automatic telephone dialing system ("ATDS"), as defined by 47 *U.S.C.* § 227(a)(1), which is prohibited by 47 *U.S.C.* § 227(b)(1)(A).

24.     After depressing one, an individual picks up the phone and the following conversation took place:

- **Phone**: Thank you so much for holding the line.  This is Brian today.  How are you doing today.

- **Participant**: Good. How are you?

- **Phone**: Doing great. This call is all about getting you the lower rates on your upcoming electric and gas bill. So are you the account holder; your name appear on the bill

- **Participant**: Yes.

- **Phone**: Great, can you please confirm your zip code.

- **Participant**: 07722

- **Phone**: And you're getting your bills from jersey central power and lot.

- **Participant**: Right, Correct.

- **Phone**: That's great Ma'am. So Ma'am the thing is basically, I'm the senior supervisor of the customer choice department of your

electric utility. And I just received a notification on our system that you're getting these kind of calls again and again. Right?

- Participant: Yes

- Phone: The thing is Ma'am, that someone has putted you and a third-party supplier on your JCPL bill. That's why, like, you're getting this kind of call again and again because your number has been leaked out in the market. What I can do for you. I will simply put you back on the normal rates you were getting previously with Jersey Central Power & Light. A'int nobody gonna bother you again after that, ok.

- Participant: But I'm already on the; Yes; I hear you; but I'm already on the do not call list.

- Phone: I know you are on a do not call list Ma'am. But like the thing is, someone has putted you on a third-party supplier. That's why they are calling you.

- Participant: A third party supplier.

- Phone: Yes Ma'am. There is always two portions of your bill. One is the utility portion which is JCPL and one if the supplier portion.

- Participant: OK who is the supplier.

- Phone: Your current supplier that you have under your bill is likely one of kind of supplier from the First Energy Ma'am. It should be Green Energy, Harborside Energy, or could be a real G Energy. those are the suppliers that are not affiliated with Jersey Central Power & Light.

25.    The ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26.    The telephone numbers Defendants called were assigned to a cellular telephone service for which the Plaintiffs incurred charges for incoming calls pursuant to 47 *U.S.C.* § 227(b)(1).

27.    Plaintiffs did not provide prior express written consent to receive telephone calls from Defendant using an artificial or prerecorded voice utilizing an ATDS, as required by 47 *U.S.C.* § 227(b)(1)(A).

28.     Under the Federal Communication Commission's amended regulation which took place on October 16, 2013, telemarketers must obtain prior express written consent of the called party to autodial or leave prerecorded telemarketing calls to a wireless number and to leave prerecorded calls to residential landlines.

29.     Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior written express consent.

30.     These telephone calls by Defendants or its agents were therefore in violation of 47 *U.S.C.* § 227(b)(1).

31.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 §§2(10-13)(Dec. 20, 1991) *codified at* 47 U.S.C. § 227.

32.     Defendant's action harmed Plaintiff by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy."

33.     Defendant's action harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interest in Plaintiff's cellular telephone.

34.     Defendant's action harmed Plaintiff by intruding upon Plaintiff's seclusion.

35.     Defendant's action harmed Plaintiff by causing Plaintiff aggravation and annoyance.

36.     Defendant's action harmed Plaintiff by wasting the Plaintiff's time.

37.     Defendant's action harmed Plaintiff in the loss of use of her phone during the time that her phone was occupied by incoming calls.

38.     Defendant's action harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this action individually and on behalf of all others similarly situated ("the Class").

40.     Plaintiffs represent, and are members of, the Class, consisting of:

All persons within the United States who (1) received any telephone call; (2) promoting Defendant's services (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior written express consent to make such call to the telephone number that received it.

41.     Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expediting this litigation.

42.     Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

43.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury

and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agent's records.

45.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law **and fact to the Class predominate over questions which may affect individual Class members, including the following:**

a.    Whether, since October 16, 2013, Defendants made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using artificial or prerecorded voice to any telephone number assigned to a telephone service;

b.    Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

46.    As persons who received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

47.     Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few if any Class members could afford to seek legal redress for the wrongs complained of herein.

48.     Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

49.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 *U.S.C.* § 227 et. seq.

51.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 *U.S.C.* § 227 et seq.

53.     As a result of Defendants negligent violations of 47 *U.S.C.* § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 *U.S.C.* § 227(b)(3)(B).

54.     Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

<u>COUNT II</u>
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 *U.S.C.* § 227 *et. seq.***

55.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 *U.S.C.* § 227 et seq.

57.     As a result of Defendants' knowing and/or willful violations of 47 *U.S.C.* § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 *U.S.C.* § 227(b)(3)(B) and 47 *U.S.C.* § 227(b)(3)(C).

58.     Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a.     On the First Count for Negligent Violations of the TCPA, 47 *U.S.C.* §227 *et seq.,* Plaintiff seeks: (i) for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 *U.S.C.* § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 *U.S.C.* § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 *U.S.C.* § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b.     On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 *U.S.C.* §227 et seq., Plaintiff seeks: (i) for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 *U.S.C.* § 227(b)(3)(B) and 47 *U.S.C.* § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 *U.S.C.* § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 *U.S.C.* § 227(b)(3)(A); and any other relief the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Joshua Bauchner, Esq. as trial counsel in this matter.

## CERTIFICATION OF COUNSEL

The undersigned certifies that at the time of the filing of this Complaint, the matter in controversy is not the subject of any other action pending in any court and/or arbitration proceeding.  The undersigned is unaware of any non-party who should be joined to this action.  I hereby certify that the foregoing statements made by me are true.  I'm aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 2, 2021                    **ANSELL GRIMM & AARON, P.C.**

s/ *Joshua S. Bauchner*
_____
Joshua S. Bauchner, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Tel: (973) 247-9000
Fax: (973) 247-9199
*Attorneys for Plaintiffs*